2023 IL App (2d) 220250-U
No. 2-22-0250
Order filed January 23, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Kane County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 19-CF-1175 |
| | ) | |
| ERIK A. McKAY, | ) | Honorable |
| | ) | Salvatore LoPiccolo Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUDSON delivered the judgment of the court.
Justices Hutchinson and Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*:    (1) Where, on remand for Rule 604(d) compliance, defense counsel filed a Rule 604(d) certificate for his original motion to reconsider defendant's sentence but did not file another certificate when he later filed a second motion to reconsider, the record did not rebut the certificate's averment that counsel made all amendments necessary to adequately present defendant's contentions. Counsel had told the trial court that he did not intend to amend his original motion, and the second motion was substantively the same as the first motion. (2) We accept the State's concession of sentencing error and modify defendant's term of mandatory supervised release from two years to one year.

¶ 2    Defendant, Erik A. McKay, entered an open plea of guilty to aggravated driving under the influence (DUI), a Class 2 felony (625 ILCS 5/11-501(d)(1)(F), (d)(1)(G) (West 2018)). The trial

court sentenced him to nine years in prison, followed by two years of mandatory supervised release (MSR). The court denied his motion for reconsideration of his sentence, and defendant timely appealed. We granted defendant's unopposed motion for summary remand for compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). On remand, defendant, represented by the same counsel, filed a second motion to reconsider his sentence. The court denied the motion, and defendant timely appealed. In this second appeal, defendant contends that (1) defense counsel was ineffective for failing to object to the two-year MSR term, where the recently amended sentencing statute provided for a one-year term and (2) the matter must be remanded a second time for compliance with Rule 604(d) because, on the first remand, counsel filed his Rule 604(d) certificate before he filed the second motion to reconsider defendant's sentence. We affirm as modified.

¶ 3                                I. BACKGROUND

¶ 4     On July 3, 2019, defendant was indicted on two counts of aggravated DUI and one count of reckless homicide (720 ILCS 5/9-3(a) (West 2018)). The charges stemmed from a single car accident that occurred on May 31, 2019, and resulted in the death of Amy Carlson. During all relevant proceedings, private counsel represented defendant.

¶ 5     On April 23, 2021, the parties participated in a conference with the trial court under Illinois Supreme Court Rule 402 (eff. July 1, 2012). On May 6, 2021, defense counsel advised the court that, after discussing the conference with defendant, defendant told him that he wished to execute a jury waiver and proceed to a bench trial. The court admonished defendant and accepted his jury waiver.

¶ 6     On July 23, 2021, defendant entered an open plea of guilty to one count of aggravated DUI. The trial court admonished defendant that he faced a sentencing range of 3 to 14 years in prison followed by a 2-year MSR term. The court also admonished defendant of the rights he was giving

up by pleading guilty and the possible consequences of the plea. The court heard the factual basis of the plea, which established that, on May 31, 2019, defendant was driving his vehicle south on McLean Boulevard in South Elgin between 102 and 117 miles per hour in a 45-mile-per-hour zone. Defendant lost control of his vehicle and struck the curb and a fence. The impact destroyed the vehicle's passenger side, and the engine was torn from the vehicle. Carlson, the 25-year-old passenger, was pronounced dead on the scene. Defendant's blood-alcohol level at the time of the accident was between 0.074 and 0.109. Cannabis was also detected in defendant's blood. The court found the factual basis sufficient and accepted the plea as knowing and voluntary.

¶ 7    On September 9, 2021, the trial court conducted a sentencing hearing. The State asked for a 12-year prison term. In aggravation, the State submitted photographs of the accident scene and presented testimony from the victim's parents and sister, each of whom read a victim impact statement. Defendant asked for an eight-year prison term. In mitigation, defendant presented testimony from four individuals, including his mother and grandmother. Defendant also presented (1) a letter from an individual at Wayside Cross Ministries, which indicated that defendant had participated in a parenting class at Wayside, and (2) a list of 31 additional courses that defendant claimed to have completed since being incarcerated.

¶ 8    After hearing counsels' arguments supporting their sentencing requests, the trial court heard defendant's statement in allocution. In his statement, defendant expressed remorse and explained what happened on the night of the incident. Defendant stated that, after finishing their shifts at the Spotted Fox Ale House on May 30, 2019, he and Carlson "had a few drinks from roughly 9:30 until about 10:15 p.m." Afterwards, they went to defendant's apartment to watch movies. At about 2 a.m., they decided to get food. While driving to McDonald's, defendant asked Carlson if she "would like to go fast" and she said, " 'Yes.' " Defendant explained that there were

no cars on the road, and he sped up. However, he lost control when "[a]n animal came out" and he "swerved" to avoid it. In addition, defendant told the court that he lived with his father and was his primary caregiver. He stated that he worked two jobs to help maintain his father's house and did all the grocery shopping and most of the cooking. He further stated that he had an 11-year-old son, whom he supported, and a fiancé, who had two young sons.

¶ 9     The trial court sentenced defendant to nine years in prison, followed by two years of MSR. In announcing sentence, the court noted that it considered (1) the evidence presented, (2) the factual basis for the plea, (3) the victim impact statements, (4) the presentence investigation report (PSI), (5) the arguments of counsel, (6) defendant's statement in allocution, (7) the financial impact of incarceration, (8) the aggravating and mitigating factors, and (9) defendant's rehabilitative potential. The court noted that defendant was eligible for a sentence ranging from probation to 14 years in prison. The court found no extraordinary circumstances present to warrant a sentence of probation.

¶ 10     The trial court addressed each of the statutory mitigating factors and found only one such factor partially relevant—the fact that defendant's father needed defendant's assistance. The court also noted, as a nonstatutory mitigating factor, that defendant pleaded guilty and did not put Carlson's family through a trial. The court also considered defendant's rehabilitative potential and found that defendant was genuinely sorry. However, the court noted that defendant did not acknowledge his substance abuse problem or take full responsibility for what happened. The court found inapplicable the sentencing factor that considers whether the defendant's conduct resulted from circumstances unlikely to recur. Specifically, the court noted that defendant was arrested for DUI in August 2018 (approximately eight months before the present offense) and later pleaded guilty, receiving a sentence of court supervision. The court also noted that, as a juvenile in 2010,

defendant was ordered to obtain a drug and alcohol evaluation but that, in the PSI, defendant denied having an alcohol problem.

¶ 11    The trial court found relevant several statutory aggravating factors. In particular, the court noted defendant's criminal history, including (1) a juvenile adjudication in July 2010 of retail theft, (2) a conviction in August 2015 of aggravated battery (strangulation), (3) a conviction in June 2016 of violating an order of protection (which he committed while on probation for aggravated battery), (4) a February 2017 Class A misdemeanor conviction of speeding, and (5) a DUI conviction in December 2019 (stemming from an August 2018 offense). The court noted further in aggravation that a prison sentence was necessary to deter others from committing DUI. Yet another aggravating factor was that defendant committed the offense of DUI while traveling more than 20 miles per hour over the speed limit.

¶ 12    On October 4, 2021, defense counsel filed a "Notice of Appeal." He also filed a "Notice of Motion" stating that, on October 14, 2021, he would present a "Motion to Appoint the Appellate Defender."

¶ 13    On October 14, 2021, defense counsel advised the trial court that "he had just filed a motion to reconsider sentence and a notice of appeal." The "Motion to Reconsider Sentence," filed that same day, argued: "The defendant respectfully requests that the court re-consider [*sic*] and impose a lighter sentence." Counsel did not file a Rule 604(d) certificate. The court indicated that it could not locate the motion to reconsider in the file. Counsel explained that he had intended to file the motion earlier but that it "never made it through" and that he later filed the motion "just to preserve the issue." The State agreed to waive notice of the motion and to argue it that day. On the State's suggestion, the court agreed to "*nunc pro tunc* [the motion to reconsider] back to the *** October 4th filing of the notice of motion." When asked if he was going to argue the motion, counsel

indicated that he was standing on the motion and that he "said what [he] had to say at the sentencing hearing." The court denied the motion, stating:

"So I believe that the reasons I gave for the sentence I gave were consistent with what I had told the parties at the 402 conference when I had indicated that the range on a cold plea was going to be between 8 and 9 years, and I sentenced him to 9; and I believe that was a case that was—a sentence anywhere not in the middle would have been appropriate, based on his criminal history and the criminal history that he had during the time period preceding and following this particular charge."

¶ 14 The trial court appointed the Office of the State Appellate Defender to represent defendant on appeal.

¶ 15 On January 14, 2022, we granted defendant's unopposed motion for a summary remand for compliance with Rule 604(d). We thus vacated the denial of defendant's motion to reconsider his sentence, and we remanded for " '(1) the filing of a [valid] Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; and (3) a new motion hearing.' [Citation.]"

¶ 16 On remand, the same counsel represented defendant. On March 8, 2022, counsel filed a Rule 604(d) certificate, which stated:

"1. I have consulted with the Defendant in person, by mail, by phone or by electronic means to ascertain the defendant's contentions of error in the entry of the plea of guilty and in the sentence;

2. I have examined the trial court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing; and

3. I have made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings."

¶ 17   On May 4, 2022, counsel advised the trial court that he had filed a Rule 604(d) certificate. When the court asked counsel whether he was going to file a motion to reconsider, counsel replied: "I believe I did that previously." The court told the parties that it had received a letter from defendant indicating that a motion to reconsider had not been filed. Counsel stated: "Then I am going to have to file that and if you give me a short date, I will get that on file right away." The court then found the motion counsel had filed before remand. The court asked if counsel wanted to update it. Counsel responded: "No, Judge, I don't because I don't have anything else to argue." He further stated: "I made my argument at the time. You ruled." The court indicated that it would set a date for a hearing. It further stated: "[W]e don't have to set that in a hurry since you already filed it, if you are going to stand on that." The court continued the matter to June 15, 2022.

¶ 18   On June 14, 2022, counsel filed a second "Motion to Reconsider Sentence." It was identical to the previously filed motion in all respects but one—it added the following sentence: "The Defendant requests a sentence of eight years in the Illinois Department of Corrections, which is consistent with the [Rule] 402 conference." Counsel did not file a new Rule 604(d) certificate.

¶ 19   The hearing ultimately took place on July 6, 2022. At the outset, the trial court advised defendant that counsel had filed a motion to reconsider defendant's sentence. Defendant responded: "That's correct." The court further stated:

"And he also filed what's called a [Rule] 604(d) certificate indicating that he talked to you about this motion to reconsider and talked to you about whether you wished to file a motion to vacate plea or any other—because I know that you were going—you had an

interest in filing an appeal, and before these things were taken care of that has to be—we have to settle these things before you can actually file a notice of appeal."

The court then confirmed with defendant that he (1) spoke with counsel about what he (defendant) wanted to do, (2) wanted to file a motion to reconsider his sentence, and (3) did not want to file a motion to withdraw his guilty plea. The court concluded: "Okay. All right. That's what [defense counsel's] [Rule] 604(d) certificate said as well."

¶ 20    Counsel then argued:

"It's our contention that nine years was an excessive sentence; that a sentence of eight years was more in line with [defendant's] background, his criminal history, the facts of the case and the remorse that he showed as well as mitigation that was presented at the sentencing hearing. For all of those reasons, we believe that nine was excessive and the appropriate sentence is eight years."

¶ 21    After hearing the State's response, the trial court denied the motion. The court stated:

"So, when I entered the sentence I had indicated in a prior [Rule] 402 conference that what I had heard in the [Rule] 402 conference the—I was going to sentence the defendant to a range in between eight and nine years is what I had told the parties at the [Rule] 402 conference. When I heard the evidence presented at the sentencing hearing combined with the factual basis and the defendant's statement in allocution, I felt that based on his criminal history, the evidence presented at the sentencing hearing and the evidence presented in the factual basis that nine years was the appropriate sentence.

I can read a little bit of what I said back then. The sentencing range for this particular offense is 3 to 14 years in the Illinois Department of Corrections. It's an 85 percent sentence. There is in the statute—the only way I could give probation was if I

found extraordinary circumstances to warrant probation. I had indicated in the [Rule] 402 [conference], and I indicated again at the sentencing hearing, that I did not believe that there were extraordinary circumstances existing in this case to warrant probation, and nothing that was presented to me either at the [Rule] 402 conference or at the sentencing hearing changed my opinion, nor had the [PSI] changed my opinion. So, I do not find extraordinary circumstances.

I also indicated that I did take into account his remorse. I also indicated in my sentencing—when I pronounced sentence that I didn't believe that the defendant had acknowledged the fact that he had a substance abuse problem. I also indicated that in the factual—in the statement of allocution, the defendant in that statement of allocution was attempting to shift the blame to the victim in the case for why he was driving at such an excessive speed.

So, when I take into account his prior criminal history, the factual basis and the evidence presented at the sentencing hearing, I do believe that I entered the appropriate sentence of nine years, and I'm going to deny the defendant's motion to reconsider sentence."

¶ 22    This timely appeal followed.

¶ 23                                II. ANALYSIS

¶ 24                        A. Ineffective Assistance of Counsel

¶ 25    Defendant contends that he was denied the effective assistance of counsel when defense counsel failed to object to the imposition of a two-year MSR term, where the recently amended sentencing statute provided for a one-year term.

¶ 26    When defendant committed the offense of aggravated DUI, a Class 2 felony (see 625 ILCS 5/11-501(d)(1)(F), (d)(1)(G) (West 2018)), section 5-8-1(d)(2) of the Unified Code of Corrections (730 ILCS 5/5-8-1(d)(2) (West 2018)) provided that a person convicted of a Class 2 felony shall serve a two-year term of MSR.  However, effective July 1, 2021, before defendant's sentencing, the MSR term for a Class 2 felony was reduced to one year.  See Pub. Act 101-0652, §§ 10-281, 99-999 (eff. July 1, 2021); 730 ILCS 5/5-8-1(d)(2) (West Supp. 2021).  A defendant is "entitled to be sentenced under either the law in effect at the time [of] the offense *** or [the law] *** in effect at the time of sentencing."  *People v. Hollins*, 51 Ill. 2d 68, 71 (1972).

¶ 27    To establish ineffective assistance of counsel, a defendant must demonstrate that "counsel's representation fell below an objective standard of reasonableness" and that he was prejudiced such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland v. Washington*, 466 U.S. 668, 669 (1984).

¶ 28    Defendant argues that no reasonably effective defense attorney would have allowed their client to receive a more onerous sentence than necessary.  Further, defendant argues that, had counsel addressed the amended statute, there was, at the very least, a reasonable probability that the court would have sentenced defendant accordingly.  It would appear that neither the State nor the court was aware of the error either.  The State now concedes error, and we accept this concession.

¶ 29    Accordingly, we exercise our powers under Supreme Court Rule 615(b)(4) (eff. Jan. 1, 1967) and modify defendant's MSR term from two years to one year.

¶ 30                              B. Illinois Supreme Court Rule 604(d)

¶ 31    Defendant contends that, although defense counsel filed on remand a facially valid certificate of compliance with Rule 604(d), stating that he had made any necessary amendments to the motion for reconsideration of defendant's sentence, the record refutes the certificate because counsel subsequently filed what defendant deems an "amended" motion to reconsider defendant's sentence.  According to defendant, because counsel did not file a new Rule 604(d) certificate when he filed the "amended" motion, the matter must be remanded a second time for further proceedings in compliance with Rule 604(d).

¶ 32    In response, the State contends that, based on *People v. Montag*, 2014 IL App (4th) 120993, a remand is unnecessary, because "defendant does not suggest counsel failed to comply with the rule's substantive requirements[,]" nor does "defendant articulate how the certificate's technical inaccuracy undermines Rule 604(d)'s purpose and deprived him of a fair opportunity to present his claims of error ***."  Alternatively, the State argues that, under *People v. Shirley*, 181 Ill. 2d 359 (1998), defendant is not entitled to a second remand, because the court afforded him a full and fair opportunity to present his motion to reconsider his sentence.

¶ 33    Rule 604(d) states:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment."  Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

The rule's certificate requirement states:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to

ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." *Id.*

¶ 34 It is well established that counsel must strictly comply with the certificate requirements of Rule 604(d). See *People v. Janes*, 158 Ill. 2d 27, 33, 35 (1994). If counsel does not strictly comply, we must remand the matter to the trial court "for the filing of a new Rule 604(d) certificate, for the filing of a new motion to withdraw guilty plea or to reconsider sentence, and for a new hearing on the motion." See *People v. Gorss*, 2022 IL 126464, ¶ 31. In addition, even where a Rule 604(d) certificate is facially valid, remand is required if the record refutes the certificate. *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 8. "Whether counsel complied with Rule 604(d) is a legal question that we review *de novo*." *Gorss*, 2022 IL 126464, ¶ 10.

¶ 35 Here, there is no dispute that counsel's Rule 604(d) certificate is facially valid. Thus, the issue is whether the record refutes the certificate as defendant claims. In his certificate, counsel avers: "I *have made* any amendments to the motion necessary for the adequate presentation of any defects in those proceedings." (Emphasis added.) According to defendant, counsel's later action of filing a second motion to reconsider defendant's sentence refutes this averment and requires that we remand. See *People v. Love*, 385 Ill. App. 3d 736, 738 (2008) (finding unacceptable counsel's Rule 604(d) certificate filed before counsel reviewed the transcript of the guilty plea proceedings).

¶ 36 In support of his argument, defendant relies on *People v. Callahan*, 2021 IL App (4th) 200334-U, ¶ 15, as persuasive authority under Illinois Supreme Court Rule 23(e)(1) (eff. Jan. 1, 2021). In *Callahan*, the defendant pleaded guilty to three drug offenses in exchange for the

dismissal of other charges. *Id.* ¶ 4. The trial court sentenced him to concurrent five-year prison terms. *Id.* Counsel filed a motion to reconsider defendant's sentence and attached a facially valid Rule 604(d) certificate. *Id.* ¶¶ 5, 15. About a week later, the defendant filed a *pro se* motion to withdraw his guilty plea, arguing that his plea was not knowing, " 'due to [his] mental status.' " *Id.* ¶ 6. The defendant asserted that he was unable to consistently take his psychiatric medications and that he had " 'plenty of medical records' " to support his claim. *Id.* The court told the defendant that he could not file a *pro se* motion and should speak to counsel. *Id.* Subsequently, counsel filed an amended motion to withdraw the defendant's guilty plea, arguing that the defendant's plea was not knowing and voluntary, due to medications and inconsistent treatment. *Id.* ¶ 7. Counsel attached only the defendant's affidavit in support. *Id.* Counsel did not file a new Rule 604(d) certificate. *Id.* Following a hearing, the court denied the motion. *Id.* ¶ 8. The court stated that the defendant did not provide " 'sufficient evidence' " to support his claim. *Id.*

¶ 37 On appeal, the defendant argued that counsel failed to strictly comply with Rule 604(d), because he filed his certificate of compliance before filing the amended motion to withdraw the guilty plea. *Id.* ¶ 11. In response, the State did not attempt to argue that the certificate complied with the rule. Instead, citing *People v. Montag*, 2014 IL App (4th) 120993, and *People v. Walker*, 2021 IL App (1st) 190139-U, the State argued that the court should affirm the judgment because remand " 'would serve no substantive purpose and would merely be a *pro forma* activity.' " *Id.*

¶ 38 The *Callahan* court considered both *Montag* and *Walker*. In *Montag*, the reviewing court found that postplea counsel's Rule 604(d) certificate was technically inaccurate because counsel filed an amended motion to reconsider sentence after he filed the certificate. *Montag*, 2014 IL App (4th) 120993, ¶ 25. Nevertheless, the court did not remand for strict compliance with the rule, because the defendant did not argue that postplea counsel failed to comply with the substantive

requirements of the rule or argue how the technically inaccurate certificate undermined the purpose of Rule 604(d). *Id.* Similarly, in *Walker*, the reviewing court found that postplea counsel's Rule 604(d) certificate was technically inaccurate because counsel filed it before obtaining the relevant transcripts. Still, the court declined to remand the case because the record made clear that counsel had obtained and reviewed the transcripts before the hearing. *Walker*, 2021 IL App (1st) 190139-U, ¶ 14. The *Walker* court noted that, "as in *Montag*, [the] defendant has not articulated how the Rule 604(d) certificate's technical inaccuracy undermined the purpose of the rule or deprived him of a fair opportunity to present his claims of error." *Id.* ¶ 17.

¶ 39 The *Callahan* court found *Montag* and *Walker* distinguishable and rejected the State's argument. *Id.* ¶¶ 19-22. The court noted that, unlike in *Montag* and *Walker*, the *Callahan* defendant *had* articulated how the certificate's technical inaccuracy undermined the purpose of the rule. *Id.* ¶ 20. The court agreed with the defendant's argument that it was unclear whether counsel made all necessary amendments, given that, despite the defendant's claim that he had " 'plenty of medical records,' " counsel attached only the defendant's affidavit, which the trial court found was insufficient to support the defendant's claim. *Id.* Thus, the court concluded that, "unlike in *Montag* and *Walker*, the potential exists that the 'certificate's technical inaccuracy undermined the purpose of the rule or deprived him of a fair opportunity to present his claims or error' [Citation.] *Id.*

¶ 40 The present case is readily distinguishable from *Callahan* in two important respects. First, although counsel filed a second motion to reconsider defendant's sentence after counsel filed his certificate of compliance with Rule 604(d), the second motion to reconsider was identical to the previously-filed motion in all respects but one—it added a specific request that defendant's sentence be reduced to "eight years ***, which is consistent with the [Rule] 402 conference." Thus, unlike the amended motion in *Callahan*, which added an entirely new claim seeking to

withdraw the guilty plea, the second motion filed here raised no new issues and made no substantive changes. We disagree with defendant that the second motion's reference to the Rule 402 conference rose to the level of a new substantive claim. At most, it merely added support for a sentence reduction. Indeed, a review of the May 4, 2022, transcript of the proceedings on remand confirms that counsel did not intend to amend the previously filed motion, where he expressly stated that he did not "have anything else to argue." Later, at the July 6, 2022, motion hearing, the trial court specifically confirmed with defendant that (1) he spoke with counsel about what he (defendant) wanted to do and that (2) he wanted to file a motion to reconsider his sentence. Thus, although counsel filed a second motion to reconsider the day before the hearing, we cannot say that this motion, raising no new substantive issues, affirmatively rebuts counsel's certificate, as was clearly the case in *Callahan*.

¶ 41    Moreover, unlike in *Callahan*, here, as the State notes, defendant is seeking a second remand. Thus, even if we were to agree with defendant that counsel's filing a second motion without a second certificate was not in strict compliance with Rule 604(d), the rule does not automatically require a second remand for a third hearing on the motion. See *Shirley*, 181 Ill. 2d at 369-70. For example, in *Shirley*, the defendant entered a partially negotiated guilty plea. *Id.* at 362-63. Counsel filed a motion to reduce the defendant's sentence but failed to file a Rule 604(d) certificate. *Id.* at 363-64. The defendant appealed, and the court remanded for compliance with Rule 604(d). *Id.* at 364. On remand, original counsel filed a Rule 604(d) certificate and a motion to withdraw as counsel. *Id.* at 364-65. The trial court granted counsel's motion to withdraw and appointed the public defender. *Id.* at 365. New counsel filed a motion to reduce the defendant's sentence. *Id.* After a hearing on the motion, the court denied it. *Id.* at 366. Four days later, counsel filed a Rule 604(d) certificate and a notice of appeal. *Id.*

¶ 42    On appeal, the defendant argued that a remand was necessary because counsel failed to strictly comply with Rule 604(d) when she filed the certificate after the motion was heard and denied. *Id.* The supreme court disagreed that the defendant was entitled to a second remand for strict compliance with Rule 604(d). The court stated:

> "We reject defendant's implicit premise that the strict compliance standard of [*People v. Janes*, 158 Ill. 2d 27 (1994),] must be applied so mechanically as to require Illinois courts to grant multiple remands and new hearings following the initial remand hearing. Where, as here, the defendant was afforded a full and fair second opportunity to present a motion for reduced sentencing, we see limited value in requiring a repeat of the exercise, absent a good reason to do so." *Shirley*, 181 Ill. 2d at 369.

¶ 43    The supreme court noted that, following the first remand, the defendant received a full and fair hearing on his motion to reduce the sentence. *Id.* Further, the defendant had never sought to withdraw his guilty plea, from which he received significant sentencing concessions. *Id.* at 370. Therefore, to require another remand and hearing on the motion to reduce the sentence "would be an empty and wasteful formality." *Id.*

¶ 44    So too here. Following the first remand, counsel certified that he consulted with defendant to ascertain his claims of error in both the plea and the sentence, that he had examined the report of proceedings from the plea hearing and the sentencing hearing, and that he had made any necessary amendments. On May 4, 2022, after filing the Rule 604(d) certificate, counsel confirmed with the court that he was not going to file another motion because he "[did not] have anything else to argue." Although counsel later filed a second motion, as we noted above, it raised no new issues concerning the sentence. As argued in the first motion to reconsider, counsel continued to maintain only that the sentence was excessive. At the July 6, 2022, hearing, defendant

confirmed that he (1) had spoken with counsel about what he wanted to do, (2) wanted to file a motion to reconsider his sentence, and (3) did not want to file a motion to withdraw his plea.

¶ 45    In the following hearing, counsel argued that the nine-year sentence was excessive and that the court should reduce it to eight years. The trial court heard argument from both parties and thoroughly considered the issue. The court acknowledged that, during the Rule 402 conference, it indicated that it was going to sentence defendant to a range between eight and nine years in prison. The court made clear, however, that it still believed that nine years was the appropriate sentence based on the factual basis and the evidence at the sentencing hearing. The court specifically referenced defendant's statement in allocution (wherein he attempted to shift the blame for his speed to the victim), his failure to acknowledge that he had a substance abuse problem, and his criminal history.

¶ 46    The record makes clear that "defendant was afforded a full and fair second opportunity to present a motion for reduced sentencing." *Id.* at 369. Thus, we agree with the State that remanding for a third hearing would be "an empty and wasteful formality." *Id.* at 370.

¶ 47    Last, we note that defendant claims that the record rebuts defense counsel's Rule 604(d) certificate in that counsel failed to raise the MSR issue in the second motion to reconsider. According to defendant, counsel's failure to raise the issue shows that he did not make a "necessary amendment[ ]" to the motion. Defendant cites no authority, other than the rule itself, in support of this particular argument, and he thus has forfeited it. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *Victor Township Drainage District 1 v. Lundeen Family Farm Partnership*, 2014 IL App (2d) 140009, ¶ 37. In any event, forfeiture aside, given that we are granting defendant the relief he seeks on the MSR issue based on his ineffectiveness claim, we are unpersuaded that counsel's

failure to raise the MSR issue (of which he was presumably unaware) rebuts his Rule 604(d) certificate and warrants a second remand.

¶ 48                                III. CONCLUSION

¶ 49     For the reasons stated, we modify defendant's MSR term from two years to one year but otherwise affirm the judgment of the circuit court of Kane County.

¶ 50     Affirmed as modified.